# EXHIBIT 16



Scott St. John <scott@stjohnlaw.com>

# CIS - PPP Loan #3393108806 - FRE 408

**Scott St. John** <scott@stjohnlaw.com>  Tue, Apr 16, 2024 at 3:18 PM
To: "Tepe, Sean (USADC)" <Sean.Tepe@usdoj.gov>

Sean:

During our last telephone call, we discussed CIS's written communications with SBA (which were attached to CIS's loan application), and I noted those communications would entitle CIS to judgment on the pleadings for any False Claims Act claim. You asked me to email you with supporting case law. Examples of supporting cases include: *United States ex rel K&R Ltd. v. Mass. Housing*, 530 F.3d 980, 984 (D.C. Cir. 2008) (affirming summary judgment for defendant for lack of scienter: "MassHousing made no secret of the 1993 bond refund and during a HUD audit the next year, MassHousing specifically brought the 1993 refund to HUD's attention"); *United States ex rel Totten v. Bombardier Corp.*, 380 F.3d 488, 496 (D.C. Cir. 2004) (citing *United States ex rel Durcholz v. FKW Inc.*, 189 F.3d 542, 545 (7th Cir. 1999), and noting "if the claimant has told the grantee pertinent facts that would, in the absence of such disclosure, make a claim fraudulent, it seems that the claimant has not 'knowingly' presented a false claim to the grantee"); and *United States ex rel Purcell v. MWI Corp.*, 807 F.3d 281, 287 (D.C. Cir. 2015) (reversing jury verdict: "[T]he FCA does not reach an innocent, good-faith mistake about the meaning of an applicable rule or regulation. Nor does it reach those claims made based on reasonable but erroneous interpretations of a defendant's legal obligations").

You suggested CIS would still be subject to an investigation and would have to respond to a CID. I don't believe that accurately reflects the situation. Given your statement that DOJ is generally pursuing these claims based on publicly available information, *i.e.*, without individual inquiry; DOJ has now been presented with both documentary evidence and controlling D.C. Circuit law establishing the lack of any viable FCA claim against CIS; and the widespread media reports that DOJ is acting under Congressional and White House pressure to increase PPP recoveries, I don't believe a CID would meet the standards set forth in, *e.g.*, *United States v. Powell*, 379 U.S. 48, 57-58 (1964) and Fed. R. Civ. P. 26(g). Indeed, on these facts, CIS would likely be entitled to examine DOJ officials in response to a CID. *See United States v. Clark*, 573 U.S. 248, 253-55 (2014).

CIS does want to resolve this matter amicably, and believes it is in the interests of both parties to do so. We thus respectfully ask DOJ to evaluate its positions in light of the controlling authority cited above.

I look forward to chatting with you next week.


Best regards,

Scott

[Quoted text hidden]