# EXHIBIT 17



Scott St. John &lt;scott@stjohnlaw.com&gt;

---

## Center for Immigration Studies - Civil Investigative Demand

---

**Scott St. John** &lt;scott@stjohnlaw.com&gt;  Tue, Oct 1, 2024 at 9:01 PM
To: "Tepe, Sean (USADC)" &lt;Sean.Tepe@usdoj.gov&gt;

Sean:

I'm surprised by your message. As the email chain reflects, you responded to our July 15 offer -- which plainly contemplated a petition to modify or set aside the overbroad and abusive CID -- by adding conditions and proposing a shorter response time, none of which were accepted by CIS. It's basic contract law that such a variance in terms constituted a rejection of the original offer, which was no longer subject to acceptance. As far as I know, CIS was never actually served. Please let me know if that is incorrect.

Separately, we have reviewed publicly available information regarding DOJ's settlements of PPP cases. That review shows DOJ has generally settled PPP cases for substantially less than the 2x the loan amount you have insisted upon. Indeed, DOJ settled for only 2x the loan amount in *United States v. Latifa Brooks*, No. 22-cv-359 (E.D. Va.), in which the government filed suit alleging that Brooks listed false gross income amounts and submitted fake tax returns, *i.e.*, the government alleged clear evidence of fraud. Here, in contrast, when SBA was apprised of the relevant facts by CIS, SBA's written response was "go get the money" and "if you are not doing political lobbying you should be fine," *i.e.*, assuming CIS was not eligible for a Second Draw PPP loan, there was a plain lack of materiality and a government knowledge defense, both of which would be resolved against the government via judgment on the pleadings. These facts, the contrast with *Brooks*, and the 2x settlement demand reinforce our concern that DOJ is abusing a CID for leverage to obtain an out-of-court settlement.

If DOJ is committed to its unreasonable course of action, and in view of your prior statements about resolving the matter "quickly," please have SBA go ahead and prepare the administrative records for (a) PPP As Amended by EAA, 86 Fed. Reg. 3,692 (Jan. 14, 2021), (b) PPP Second Draw Loans, 86 Fed. Reg. 3,712 (Jan. 14, 2021), (c) any SBA decision to accept CIS's second draw PPP application, (d) any SBA decision to forgive CIS's second draw PPP loan, and (e) any SBA decision that CIS is ineligible or that otherwise departs from its prior decisions.

Should you elect to serve CIS with a CID, please email me a copy contemporaneous with your doing so.

Best regards,
Scott

On Tue, Sep 24, 2024 at 12:34 PM Tepe, Sean (USADC) &lt;Sean.Tepe@usdoj.gov&gt; wrote:

> Hello Scott,
>
> The 60 days you asked for to respond to the CID ended on September 13, 2024. We have not received any response to the CID to date or any communication about the CID since you accepted service on July 15, 2024. If Center for Immigration Studies does not complete its response to the CID by October 4, 2024, or commit to an alternative schedule agreed to by the U.S. Attorney's Office, our office will petition the Court for an order compelling compliance and seek fees to recoup the cost of seeking compliance.
>
>
>
> Sean M. Tepe
>
> Assistant United States Attorney
>
> United States Attorney's Office for the District of Columbia
>
> 601 D Street NW | Washington, D.C. 20530
>
> (202) 252-2533 | sean.tepe@usdoj.gov

**From:** Tepe, Sean (USADC)
**Sent:** Tuesday, July 23, 2024 11:47 AM
**To:** Scott St. John <scott@stjohnlaw.com>
**Subject:** RE: [EXTERNAL] Re: Center for Immigration Studies - Civil Investigative Demand

Scott,

If CIS is planning to respond to the interrogatories and document requests, we have no problem with extending the return date and/or discussing a schedule for rolling productions. If CIS plans to engage in motion practice over the CID, we would like to resolve that more quickly. We would be aggregable to 45 days from July 15.

Sean

---

**From:** Scott St. John <scott@stjohnlaw.com>
**Sent:** Monday, July 15, 2024 7:56 AM
**To:** Tepe, Sean (USADC) <STepe@usa.doj.gov>
**Subject:** [EXTERNAL] Re: Center for Immigration Studies - Civil Investigative Demand

Sean:

CIS has authorized me to accept service if we can agree to extend the time to respond for all materials sought and the deadline for a petition to modify or set aside the CID. 60 days from today seems fair.

Please confirm if that is acceptable to you.

Best regards,

Scott

On Wed, Jul 10, 2024 at 9:32 AM Tepe, Sean (USADC) <Sean.Tepe@usdoj.gov> wrote:

> Scott,
>
> Thank you for the documentation you have provided to date. Our office needs additional information for our investigation of CIS's second draw PPP loan. To the end, attached is a Civil Investigative Demand. Please let me know if you will accept service of the CID on behalf of the Center for Immigration Studies. I can make myself available to answer questions.

I also wanted to make you aware of the resolution of a similar investigation of another PPP loan recipient that was recently announced. See https://www.justice.gov/usao-dc/pr/non-profit-middle-east-institute-pay-718558-resolve-ppp-fraud-allegations.

Sean M. Tepe

Assistant United States Attorney

United States Attorney's Office for the District of Columbia

601 D Street NW | Washington, D.C. 20530

(202) 252-2533 | sean.tepe@usdoj.gov