# EXHIBIT 18



Scott St. John <scott@stjohnlaw.com>

# RE: [EXTERNAL] Center for Immigration Studies - CID

**Tepe, Sean (USADC)** <Sean.Tepe@usdoj.gov>  Tue, Oct 15, 2024 at 9:30 PM
To: "Scott St. John" <scott@stjohnlaw.com>

Scott,

I am writing in response to your email dated Sunday, October 13, 2024, demanding that the United States Attorney's Office justify its investigation and issuance of a Civil Investigative Demand to the Center for Immigration Studies ("CIS").

A Civil Investigative Demand is a form of administrative subpoena, subject to the same standard of review, and is enforceable if the inquiry is within the authority of the Department of Justice, the demand is not too indefinite, and the information sought is reasonably relevant to that inquiry. The Department of Justice has the authority to investigate any possible violation of the False Claims Act. 31 U.S.C. § 3730(a). To conduct such an investigation, the Department of Justice has been granted the authority to issue a Civil Investigation Demand for evidence. 31 U.S.C. § 3733(a).

Here, section 1102 of the CARES Act (P.L. 116-136) amended section 7(a) of the Small Business Act to create the Paycheck Protection Program. *See* 15 U.S.C. § 636(a)(36). Subsequently, Congress passed the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (P.L. 116-260), which added a new temporary section 7(a)(37) to the Small Business Act (*see* 15 U.S.C. 636(a)(37)). This new section authorized SBA to guarantee "Second Draw" loans under the Paycheck Protection Program. Congress excluded certain entities from being eligible for Second Draw PPP loans, including "any business concern or entity primarily engaged in political or lobbying activities, which shall include any entity that is organized for research or for engaging in advocacy in areas such as public policy or political strategy or otherwise describes itself as a think tank in any public documents." *See* 15 U.S.C. § 636(a)(37)(A)(iv)(III)(bb).

In implementing the program for Second Draw PPP Loans, SBA required that applicants for Second Draw loans certify that the applicant is in compliance with the requirements and prohibitions set forth by Congress, including that the Applicant "is not a business concern or entity primarily engaged in political or lobbying activities, including any entity that is organized for research or for engaging in advocacy in areas such as public policy or political strategy or otherwise describes itself as a think tank in any public documents." *See* Interim Final Rule, Business Loan Program Temporary Changes; Paycheck Protection Program Second Draw Loans, 86 Fed. Reg. 3712, 3721 (Jan. 14, 2021). The certification's language is identical to the statutory language.

The United States obtained information that raised questions as to whether CIS was prohibited from obtaining a Second Draw PPP loan, and whether CIS's sworn certification in its PPP loan application was false and in violation of the False Claims Act. Specifically, whether CIS at the time of its application was an "entity primarily engaged in political or lobbying activities, including any entity that is organized for research or for engaging in advocacy in areas such as public policy or political strategy or otherwise describes itself as a think tank in any public documents." The United States Attorney's Office therefore issued a Civil Investigative Demand seeking information that would inform whether CIS was eligible for the Second Draw loan and whether there was a false certification or false claim by CIS. For example, the Civil Investigative Demand seeks documents relevant to CIS's eligibility and knowledge, including the extent to which CIS was engaging with Congress and the Executive Branch on issues of public policy (RFP Nos. 11-13); the extent to which CIS was engaged in lobbying activities (RFP No. 10); CIS's PPP loan application and forgiveness application (RFP Nos. 15-17); how CIS has held itself out to the public, including its mission and activities (RFP Nos. 2-4, 9, 19); and the types of political or non-political activities on which it expended money (RFP Nos. 4, 6-9, 18). Similarly, the Interrogatories inquire as the extent to which CIS was engaging with Congress and Executive Branch on public policy (Rog. Nos. 8, 10, 12); the extent to which CIS was engaged in lobbying activities (Rog. No. 3-4); CIS's use of the PPP loan proceeds (Rog No. 11); how CIS has described its mission and activities (Rog. Nos. 1, 7); and the types of activities on which it expended money

(Rog. Nos. 4-6, 8-9). These requests are plainly relevant to the current inquiry into CIS's eligibility for the Second Draw PPP loan.

Ultimately, information responsive to the Civil Investigative Demand would assist an assessment of whether CIS was at the time of its loan application and forgiveness application an entity primarily engaged in political or lobbying activities, which Congress stated includes entities organized for research or advocacy on public policy, and whether its certifications were knowingly false.

We believe that the above satisfies our burden to support, under the relevant standard of review, the issuance and enforcement of the Civil Investigative Demand to CIS.

Best,

Sean M. Tepe

Assistant United States Attorney

United States Attorney's Office for the District of Columbia

601 D Street NW | Washington, D.C. 20530

(202) 252-2533 | sean.tepe@usdoj.gov

---

**From:** Scott St. John <scott@stjohnlaw.com>
**Sent:** Sunday, October 13, 2024 11:59 PM
**To:** Tepe, Sean (USADC) <STepe@usa.doj.gov>
**Subject:** [EXTERNAL] Center for Immigration Studies - CID

Sean:

I have received what appears to be a CID issued by your office, although I note that no courtesy copy was sent via email.

To minimize the area of dispute and the burden on the Court in reviewing your CID, I request a prompt meet-and-confer. Please be prepared to discuss (1) DOJ's construction of the certification in question, and the associated statutory provision, (2) SBA's construction of the certification in question, and the associated statutory provision, (3) any allegations or facts known to DOJ supporting your assertion that CIS made a false certification and statement in its application for a second draw PPP loan, and (4) the specific relevance of each interrogatory and document request.

I am generally available tomorrow and Tuesday; let me know a time that works for you.

Best regards,

Scott